# IN THE COURT OF APPEALS OF IOWA

No. 19-0200
Filed June 5, 2019

**IN THE INTEREST OF G.D. and A.D.,**
**Minor Children,**

**C.S., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.


A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Vicki R. Danley, Sidney, attorney and guardian ad litem for minor children.


Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her children. She contends the State failed to prove the grounds for termination by clear and convincing evidence and termination is contrary to the children's best interests. We review her claims de novo. *See In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

The children have long been the subject of concern for the Iowa Department of Human Services (DHS) and the juvenile court. *See In re G.D.*, No. 17-0874, 2017 WL 4050969, at *1 (Iowa Ct. App. Sept. 13, 2017) (noting the DHS's involvement in 2014 and 2015). The present case began with the children's removal in July 2016 due to concerns about the mother's methamphetamine use. In February 2017, this court reversed the juvenile court's dismissal the child-in-need-of-assistance (CINA) petition after determining the State had proved the grounds for adjudication pursuant to Iowa Code section 232.2(6)(c)(2) and 232.2(6)(n) (2016). *See In re G.D.*, No. 16-1895, 2017 WL 512796, at *1-2 (Iowa Ct. App. Feb. 8, 2017).

Following the CINA adjudication, the mother participated in mental-health counseling and substance-abuse treatment and she demonstrated her sobriety through drug testing. The juvenile court returned the children to her care in January 2018. Unfortunately, the mother tested positive for methamphetamine in April 2018. Although she denied using methamphetamine—first claiming she unknowingly ate a methamphetamine-laced brownie before claiming her doctor's office switched her urine sample with another— the court again ordered the children removed from her care in May 2018. She has not seen the children since

June 2018 and tested positive for methamphetamine in August 2018. At the time of the termination hearing, she was living in Nebraska.

The juvenile court entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (g) (2018). We need only find clear and convincing evidence supports one of the grounds for termination to affirm. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). The court may terminate parental rights pursuant to section 232.116(1)(f) on proof of the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother concedes the State proved the first three requirements for termination under this section, but claims the State failed to prove the children could not be returned at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). "[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (alteration in original) (citation omitted).

The evidence shows the children would be exposed to harm sufficient to warrant a new CINA adjudication if returned to the mother's care. The mother has a long history of substance abuse, and treatment attempts have been unsuccessful. Despite testing positive for methamphetamine on a number of occasions, the mother claims she has remained sober since 2014. Her attempts to explain her positive results are not credible, and she cannot address her substance abuse while continuing to deny it. Because the mother's substance abuse endangers the children, the grounds for termination under section 232.116(1)(f) have been met.

The mother also contends termination of her parental rights is contrary to the children's best interests. *See D.W.*, 791 N.W. at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The children were in foster care for eight months before being returned to the mother's care for four months, only to be returned to foster care again. Since their last removal, they had only one visit with the mother, which occurred in June 2018. They have not seen the mother since that time. The evidence shows the

mother is unable to care for the children safely now or in the near future. A.D., who was eight at the time of termination, told the DHS worker that he is frustrated with his mother's continued drug use and tired of the uncertainty in his life. The children desire permanency.

Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Children are not equipped with pause buttons, and delaying permanency in favor of a parent is contrary to their best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Termination is in the children's best interests.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**